IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FIRST TUSKEGEE BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-CV-463-WKW |
| ) | |
| CHIQUANTA C. MILNER, individually ) | |
| and doing business as It's Tax Time, *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINON AND ORDER**

Before the court are Plaintiff First Tuskegee Bank's ("FTB") Motion for Discharge in Interpleader (Doc. # 23) and Defendant United States of America – Internal Revenue Service's ("United States") Motion for Default Judgment as to Defendant Chiquanta Milner (Doc. # 28). For the reasons to follow, FTB's motion is due to be granted; however, the United States's motion is due to be denied because Ms. Milner has not been properly served with a copy of the crossclaim.

**I. BACKGROUND**

On April 27, 2010, FTB brought this interpleader action in the Circuit Court of Montgomery County, Alabama, to resolve a potential dispute concerning funds deposited in a bank account maintained by Defendant Chiquanta C. Milner, individually and doing business as It's Tax Time ("Milner Account"). As alleged in the complaint, the funds were deposited by the United States for the "purported purpose of receiving the individual tax

refunds of the clients of It's Tax Time." (Compl. ¶ 5 (Ex. to Doc. # 1).) FTB subsequently was informed by the United States that those funds "may not have been properly payable" and that the funds "could be subject to reclamation by the Department of Treasury." (Compl. ¶ 6.) Consequently, FTB placed an administrative hold on the Milner Account pending further developments in the investigation. (Compl. ¶ 6.) In the Complaint, FTB makes no claim on the funds deposited in the Milner Account, but avers that it could be subject to double or multiple liability for disbursement. (Compl. ¶ 8.)

Subsequently, on May 25, 2010, the United States timely removed this interpleader action pursuant to 28 U.S.C. §§ 1442(a)(1) and 1444. (Not. of Removal (Doc. # 1).) It predicates subject matter jurisdiction on 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340, 1345, and 1346(c), and invokes Rule 22 interpleader, *see* Fed. R. Civ. P. 22.[1] Venue is proper in this district, pursuant to 28 U.S.C. § 1397.

After removal, and upon FTB's motion, the funds in the Milner Account, totaling $169,653.18, were paid into the registry of this court, and an Order was entered that the funds be placed in an interest bearing account. (Order (Doc. # 17).) Thereafter, the United States filed a crossclaim against Ms. Milner. The crossclaim alleges that for the 2009 tax year, the refunds claimed on 268 returns were directed to the Milner Account, with a total of $648,140 deposited into that account. (Crossclaim ¶¶ 6-7 (Doc. # 18).) This amount "exceeds the $169,653.18 in interpleaded funds which were held in the Milner Account at the time the

---

[1] Statutory interpleader under 28 U.S.C. § 1335 is not relied upon by the United States.

interpleader complaint was filed." (Crossclaim ¶ 14.) It is further alleged that all of the refunds paid into the Milner Account were attributable to proposed overpayments, or refundable credits, reported on income tax returns nominally filed by taxpayers who did not have an interest in or control over the Milner Account. (Crossclaim ¶ 8.) In Count I of its crossclaim, the United States contends that the purported assignments of those payments are voidable under the Anti-Assignment Act, 31 U.S.C. § 3727, and that the act of directing the payments to the Milner Account interferes with the United States's property interest in the funds. (Crossclaim ¶ 11.) In Count II, the United States asserts that the interpleaded funds are based upon false or fraudulent income tax returns and, therefore, the refunds are recoverable pursuant to 26 U.S.C. § 7405. (Crossclaim ¶¶ 12-20.) The United States "requests that the Court enter judgment in favor of the United States for the interpleaded funds and grant such other and further relief as justice requires." (Crossclaim 7.) The Certificate of Service on the crossclaim provides that the United States served it on Ms. Milner "by transmitting copies thereof, postage prepaid, in the United States mail: Chiquanta C. Milner[,] It's Tax Time[,] 775 Forestdale Dr.[,] Montgomery, AL 35109." (Crossclaim 8.)

Subsequently, on February 22, 2001, the United States filed an Application for Entry of Clerk's Default ("Application") on its crossclaim against Ms. Milner, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. The Application provides that Ms. Milner "has failed to answer or otherwise respond to [FTB's] complaint or the United States'

3

crosswalk within the time period prescribed by the Federal Rules of Civil Procedure."[2] (U.S.'s Application 1 (Doc. # 26).) In support of its Application, the United States submitted the declaration of its counsel, Gregory L. Jones, who declared that "[t]he docket in this matter reflects that [Ms.] Milner was personally served with a copy of the summons and complaint on May 3, 2010." (U.S.'s Application 2.) The record supports Mr. Jones's declaration as to service of the summons and a copy of the complaint on Ms. Milner. (*See* Exs. to Doc. # 1.) Additionally, as of this date, the record reveals that Ms. Milner has not filed an answer or other response to the complaint, or made an appearance in this action. It is true, therefore, as set out in the United States's Application, that Ms. Milner has not answered the United States's crossclaim. However, the flaw in the Application is the absence of evidence or argument of proper service of a copy of the crossclaim on Ms. Milner. As discussed in the next section, on this record, service of the crossclaim had to be made upon Ms. Milner in accordance with Rule 5(a)(2) and Rule 4 of the Federal Rules of Civil Procedure, and under these rules, service by the United States mails was not proper.

The Clerk nonetheless entered default against Ms. Milner, as the crossclaim defendant. (Entry of Default 1 (Doc. # 27).) The Entry of Default provides that Ms. Milner "was duly served with a copy of the crossclaim," but "has failed to answer or otherwise

[2] The time period is established in Rule 12(a)(1)(B), which requires a defendant to serve an answer to a crossclaim "within 21 days after being served with the pleading that states the . . . cross-claim." Fed. R. Civ. P. 12(a)(1)(B); *see also* Fed. R. Civ. P. 6(d).

defend this action as set out in the [United States's] Application . . . ." (Entry of Default 1 (Doc. # 27).)

Subsequently, FTB filed its Motion for Discharge in Interpleader. (FTB Mot. (Doc. # 23).) Invoking 28 U.S.C. § 2361, FTB requests an order discharging it as the interpleader Plaintiff and permanently enjoining the claimants from instituting or prosecuting any further action against FTB with regard to the disputed interpleader funds in any state or federal court. (FTB Mot. 3.)

## II.  DISCUSSION

**A.    FTB's Motion for Discharge in Interpleader**

FTB files its Motion for Discharge in Interpleader, pursuant to 28 U.S.C. § 2361, asserting that it is a disinterested stakeholder. Section 2361 provides that, "[i]n any civil action of interpleader," a district court may discharge a stakeholder "from further liability." *Id.* Section 2361 also authorizes a district court to enter an order restraining all claimants from instituting a proceeding in any state or federal court affecting the interpleaded *res*. *Id.* No reason has been offered, and none can be envisioned, for denying the motion. Indeed, the United States does not oppose FTB's "motion to be discharged from liability for any distribution of the interpleader funds in this action." (U.S.'s Resp. to FTB Mot. 1 (Doc. # 25).) Accordingly, FTB's motion is due to be granted.

5

**B.      The United States's Motion for Default Judgment Against Ms. Milner**

The United States moves for default judgment on Count I of its crossclaim against Ms. Milner for a violation of the Anti-Assignment Act, § 3727, and for recovery of the interpleaded funds.[3]  Because the record does not demonstrate that Ms. Milner has been properly served with a copy of the crossclaim, the motion for default judgment is due to be denied.

Proof that service was effected is a prerequisite to obtaining a default judgment under Rule 55 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 55(a) (An entry of default is appropriate only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ."); *see also Norsyn, Inc. v. Desai*, , 351 F.3d 825, 828 (8th Cir. 2003) ("If the party against whom a default judgment is sought has incurred no obligation under the Federal Rules of Civil Procedure to 'plead or otherwise defend' the action, the district court does not abuse its discretion in refusing to grant such relief. In fact, the converse is true.").  The threshold issue, not addressed by the United States, is whether it properly served a copy of the crossclaim on Ms. Milner by depositing it, "postage prepaid, in the United States mail." (Crosslaim 8.)   The answer turns on whether Rule 4 or Rule 5 of the Federal Rules of Civil Procedure governs service of the crossclaim.  In the usual case, Rule 5 of the Federal Rules

---

[3] As to Count II of its crossclaim, the United States contends that its "claim to the interpleaded funds does not rest on whether the refund claims are false and fraudulent, and no such finding is required to grant the United States the relief sought."  (U.S.'s Mot. 6.)

of Civil Procedure governs the method of service of a "pleading filed after the original complaint," Fed. R. Civ. P. 5(a)(1)(B), and permits service of a crossclaim on an unrepresented party "by mailing it to the person's last known address – in which event service is complete upon mailing," Fed. R. Civ. P. 5(b)(2)(C). The latter presumably is the method the United States used to serve its crossclaim on Ms. Milner. This is not the usual case, however, because Ms. Milner has not entered an appearance in this action; therefore, Rule 5(a)(2) governs service of the crossclaim.

Pursuant to Rule 5(a)(2), "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a). "Rule 4, and Rule 5(a) as it applies to parties in default for failure to appear, reflect a policy that a defendant should receive notice of all claims for relief upon which a court may enter judgment against him." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1368 (11th Cir. 1982).

Ms. Milner is "in default for failing to appear" because she has been properly served with the summons and a copy of FTB's complaint, but has not appeared in this action in any shape or form. Fed. R. Civ. P. 5(a)(2). The fact that an entry of default has not been entered by the Clerk as to Ms. Milner's failure to answer or otherwise respond to the original

complaint filed by FTB is of no material consequence.[4]  That is because under Rule 5(a)(2), a party can be "in default for failing to appear," even where the clerk has not entered that party's default. Fed. R. Civ. P. 5(a)(2).  *See Varnes*, 674 F.2d 1368 n.3 ("A court need not have adjudicated a party as being in 'default'" for Rule 5(a)(2) to apply.); *Cutting v. Town of Allenstown*, 936 F.2d 18, 21 n.1 (1st Cir. 1991) ("Where defendants . . . were served with the summons and d[id] not appear and answer within the required period, they [were] 'parties in default' for Rule 5(a) purposes," notwithstanding that "the clerk had yet to enter a default." (citing *Varnes*, 674 F.2d at 1368 n.3)).

Even though Ms. Milner is in default and not entitled to service of any litigation papers in this suit, Rule 5(a)(2) nonetheless requires service of any pleading asserting a new claim for relief.  *See* Fed. R. Civ. P. 5(a)(2); *see also Charles Alan Wright & Arthur R. Miller*, 4B Federal Practice & Procedure Civ. § 1144 (3d ed. 2008) ("[A]lthough a party in default for failure to appear is not entitled to receive a copy of any paper in the action, he is entitled to receive a pleading asserting a new or additional claim for relief against him, but it must be served upon him pursuant to Rule 4 as if it were original process.").  The United States's crossclaim seeks recovery of erroneous refunds of federal taxes deposited in the Milner Account, pursuant to 31 U.S.C. § 3727 and 26 U.S.C. § 7405(b).  The crossclaim undisputedly asserts claims for relief not present in the original complaint, which simply

---

[4] The only entry of default entered by the Clerk was for Ms. Milner's failure to answer or respond to the crossclaim, but that entry of default must be set aside for the same reason that the motion for default judgment must be denied.

seeks to require "Defendants . . . to resolve the claims to the interpleaded funds amongst themselves through this proceeding and determine the rightful owner of the funds." (Compl. ¶ 3.) Because the United States's crossclaim is "a pleading that asserts a new claim for relief," Rule 5(a)(2) required the United States to serve the crossclaim pursuant to Rule 4(e)(2). Service by the United States mail is not contemplated by Rule 4(e)(2), and while in this case, Rule 4(e)(1) permits service of the crossclaim by any means permitted under Alabama law, service by mail under Alabama's rules must be by certified mail in the manner prescribed. *See* Ala. R. Civ. P. 4(i)(2).

Because the record does not reveal proper service of the crossclaim on Ms. Milner, the motion for default judgment against Ms. Milner is due to be denied. The absence of evidence of proper service also provides "good cause" for setting aside the entry of default *sua sponte*. Fed. R. Civ. P. 55(c); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1267 (11th Cir. 2003) (rejecting argument that district court erred by *sua sponte* invoking Rule 55(c) to set aside a non-final default judgment).

### III. ORDER

For the foregoing reasons, it is ORDERED that FTB's Motion for Discharge in Interpleader (Doc. # 23) is GRANTED, that FTB is DISCHARGED from liability with regard to claims to the interpleaded funds, and that Defendants in this action are RESTRAINED from instituting or prosecuting any proceeding in any state or United States court with regard to the disputed interpleaded funds.

It is further ORDERED that the United States's Motion for Default Judgment Against Ms. Milner (Doc. # 28) is DENIED without prejudice, and that the Entry of Default (Doc. # 27) is SET ASIDE.

DONE this 2nd day of May, 2011.

                                                  /s/ W.  Keith Watkins
                                      UNITED STATES DISTRICT JUDGE